# COURTS OF APPEALS,
## STATE OF KANSAS.

NEWELL P. BUSENBARK AND ALICE BUSENBARK V.
RICHARD A. PARK et al.

**No. 111.**

1. FORECLOSURE PROCEEDING—*party claiming adverse interest may be made defendant in.* In an action to foreclose a mortgage, the plaintiff may join as defendant one claiming an adverse and paramount title, for the purpose of determining such adverse interest.

2. JURY TRIAL—*party claiming adverse interest in foreclosure proceeding entitled to.* Where a party defendant in a foreclosure suit claims an adverse title, paramount to that of the mortgagor and the mortgagee in possession, and the plaintiff seeks to litigate and determine such adverse title, such defendant is entitled as of right to a trial by jury.

Error from Atchison District Court. Hon. Robert M. Eaton, Judge. Opinion filed July 16, 1897. *Reversed.*

This case was originally before the Court of Appeals in December, 1896, and the opinion then rendered will be found in 5 Kansas Appeals, page 17. October 4, 1894, after the commencement of this proceeding in error, Peter Busenbark, a defendant below and also upon error, died. A motion to dismiss the proceeding in error was made by defendant in error

1—6 KAN. APP.

2     Busenbark v. Park.

N. Dept.    Opinion. Mahan, P. J.   6 Kan. App.

Park, for the reason that no revivor had been had within a year after his death against Peter Busenbark's personal representatives. This motion was resisted on the ground that Peter Busenbark had no personal estate whatever, that the subject-matter in suit was realty, and that his heirs, Newell P. Busenbark and Alice Busenbark, were already parties to the proceeding. The motion to dismiss was overruled at the former hearing, and the following opinion deals with the merits of the case.

*J. F. Tufts* and *J. M. Hagaman*, for plaintiffs in error.

*W. W. Guthrie* and *H. M. Jackson*, for defendant in error Richard A. Park.

Mahan, P. J. The consideration of this case, upon rehearing, should be limited to the questions presented by the petition upon which the rehearing was allowed. There was a motion to dismiss this proceeding in error for want of a timely revivor as to necessary parties, which the court in its former opinion, in effect, overruled, deciding the case apparently upon its merits.

The only question demanding our serious consideration upon this rehearing, is the refusal of the court below to allow the defendants a jury. Upon a careful examination of the record, it is apparent that, although the action is in form one to foreclose a mortgage and to obtain judgment upon a promissory note which the mortgage was given to secure, the ulterior purpose was to determine the right of the plaintiffs in error to the property, or, in other words, to recover the property from them, they being in possession.

The Civil Code provides that, as to all questions of

fact arising in actions to recover money or specific personal or real property, either party shall have a right to trial by jury ; and it is provided, in cases for the recovery of real property, that either party shall have a right to two trials, which shall be had to separate juries at different terms of court.

In the petition in this case the plaintiff alleges that the defendants, plaintiffs in error, claimed some title to or interest in the land, which, he avers, is inferior and subject to his mortgage lien ; yet it is apparent from the record, from his own statement, and from the evidence introduced, that he knew when he commenced this suit, and knew when he took the mortgage on this property, that the plaintiffs in error were in possession of the land, claiming title thereto.

The plaintiffs in error answered, averring ownership and possession and that they were not proper parties to the foreclosure proceeding, and asked, on several appropriate occasions, to be dismissed, which the court refused.   They asked for a jury as a matter of right. Being refused that, they asked the court for a jury to try the issues presented by their answer, which contained, in addition to their claim of title to the land, allegations of fact in defense, viz., that the plaintiff was not the real party in interest, that he had no interest in the note and mortgage, that there was no consideration paid for the mortgage at the time of the execution and delivery, and that, at the time the plaintiff took the mortgage, he had actual knowledge of their claim of title and of their possession of the property.   This was likewise denied.

At common law, adverse titles could not be adjudicated or tried in an action to foreclose a mortgage ; and it is only in view of the terms of our very liberal Code, that it has been held by our Supreme Court that

4        BUSENBARK v. PARK.

N. Dept.          Opinion.  Mahan, P. J.          6 Kan. App.

a plaintiff seeking to foreclose a mortgage could join a party claiming an adverse title, and litigate that title in a suit to foreclose. However, the decision of the Supreme Court is to the effect that parties claiming adversely to the mortgagor and mortgagee and anterior to their title, may be joined, and their rights to the property litigated; that is, that a cause of action to recover real property may be joined with an action to foreclose a mortgage upon the same property. See *Bradley v. Parkhurst*, 20 Kan. 462. Mr. Justice Brewer, in discussing this question, on page 469, *et seq.*, says:

"The separate courts of law and equity have been abolished, and now all actions, whether legal, or equitable, are triable in one tribunal. The forms of procedure are simplified and unified; so that, if the foreclosure, and the litigation of the adverse title, were necessarily in separate actions, they would each be brought in the same court, and the same form of action. So far as uniting two causes of action, in one of which defendant may be entitled to a jury as a matter of right, and in the other not, we reply, that so far as the foreclosure is concerned it was long ago held, in this court, that defendant was entitled to a jury, it being an action for the recovery of money, though not one for the recovery of money only. *Clemenson v. Chandler*, 4 Kan. 558; Gen. Stat. [1868], p. 680, § 266. Further, that if the mortgagor be in possession, and the holder of the adverse title out of possession, the litigation of such adverse title would not be in the nature of an action for the recovery of real property, or give a right to a jury; and finally, that as the uniting of such causes of action is a matter of choice, and not of necessity, the mortgagee cannot, by uniting, deprive either defendant of any right he would be entitled to in case the actions were separately brought. This last remark is applicable to the objection, that if the holder of the adverse title be in possession the action is tantamount to an action for the recovery of the possession, in which the statute gives the defendant a right to two trials."

And, we might add, a right to two trials, each by separate juries. As previously said, the plaintiffs in error, claiming title to this property adverse to the mortgagee and mortgagor, were not only in possession at the time the action was begun and tried, but were in possession at the time the mortgage was made. And, in the language of Mr. Justice Brewer, there was a second cause of action stated in this petition, tantamount to an action to recover the possession from the plaintiffs in error.

The plaintiffs in error were entitled, as a matter of right, to a trial by jury; and not only to one trial, but to two trials by jury; and the court erred in refusing to award a jury upon the trial of the case, and also erred in overruling the motion of the plaintiffs in error for a new trial.

The judgment is reversed, and the case remanded with directions to the District Court to award a new trial in the case.