RICHARD A. PARK v. NEWELL P. BUSENBARK *et al.*

**No. 10919.**

ERROR FROM COURT OF APPEALS—*does not lie, as of right, as involving title to real estate, where defendant in foreclosure claims title as against mortgagor.* An action in which the plaintiff seeks to foreclose a mortgage upon land, and the defendant pleads title to the land in himself and not in the mortgagor at the time the mortgage was executed, does not involve the title to real estate within the meaning of section 14 of the Act of 1895 creating the Courts of Appeals; and therefore proceedings in error to this court from the judgment of the Courts of Appeals in such action are not allowable as a matter of right. [Doster, C. J., dissenting.]

Error from the Court of Appeals, Northern Department. Opinion filed January 8, 1898. *Dismissed.*

*W. W. Guthrie* and *Jackson & Jackson*, for plaintiff in error.

*J. F. Tufts* and *J. M. Hagaman*, for defendants in error.

DOSTER, C. J. This was an action to recover the amount of a promissory note and to foreclose a mortgage given to secure it, brought by plaintiff in error against Peter Busenbark, the maker of the two instruments.

To the action, Newell P. Busenbark and Alice, his wife, and A. J. Eggleston and Sarah, his wife, were made defendants, under an allegation that they "have or claim some interest in, or title to the said real property, but the same if existing, whatever it may be, is subject and inferior to the lien of plaintiff's said mortgage." The prayer for judgment against the four last named defendants was:

"That said mortgage be declared the first lien on said premises, and that the same be ordered sold af-

ter six months' stay after said judgment, without appraisement, and the proceeds applied, after the costs of this action and the costs of such sale, and tax liens thereon, to the payment of plaintiff's said mortgage lien, and the balance, if any, applied as the court may direct; and that after said sale said defendants, and all thereof, be forever barred and enjoined from setting up, or claiming any interest in, or title to said described premises, or any part thereof, with writ of possession out of the office of the clerk of this court to the purchaser at said sale, and for such other and further relief as to the court may seem equitable and just, and for costs of suit.''

To this petition, the defendants Newell P. and Alice Busenbark filed their separate answer, first denying all the allegations of the petition, except that they had and claimed an interest in the mortgaged property, and continuing as follows:

''They are and long have been the owners in law and equity of the mortgaged property, and are and long have been in possession of the same, and were in the open and notorious possession of the same at and before the time the said plaintiff claims to have procured his mortgage thereon, and were then the owners of said property, as plaintiff and all said codefendants well knew at the time said mortgage is claimed to have been given and received; and that said Peter Busenbark at the date of said mortgage had no interest in said property, as he and said Egglestons and said plaintiffs well knew. *Third:* They deny that said plaintiff is the real party in interest herein. *Fourth:* They allege that said mortgage was given without consideration, and the consideration therefor has never been paid, and that the same was given and received for the purpose of defrauding them, and is null and void. *Fifth:* They pray that the plaintiff take nothing by his petition, and that they be allowed to go hence without day, and recover their costs herein, and further pray, that if the matters and things in issue, upon the pleadings herein are tried and determined, they be decreed to be the

owners of said real estate, and that plaintiff and said co-defendants, and any and all parties whomsoever claiming by, through, or under them be forever enjoined and barred from setting up and claiming any interest herein adverse to these defendants."

The defendants Peter Busenbark and A. J. and Sarah Eggleston, for their separate answer, filed a general denial to both the plaintiff's petition and the cross-petition of the defendants Newell P. and Alice Busenbark; and the plaintiff, for reply to the separate answer and cross-petition of the defendants Newell P. and Alice Busenbark, filed a general denial.

Upon the issues thus formed, the defendants Newell P. and Alice Busenbark demanded a jury, claiming that the action against them was in reality one of ejectment to recover the land in question, and that they were not only entitled to a trial by jury, but in reality to a second trial, as a matter of statutory right, should the verdict first rendered be adverse. This demand was refused; to which refusal exceptions were taken. The case was tried to the court, which found for the plaintiff and rendered judgment accordingly. From this judgment error was prosecuted to the Court of Appeals. That court reversed the judgment, holding with the plaintiffs in error before it, the defendants in error here, that a jury was demandable as of right, and remarking in the opinion:

."Although the action is in form one to foreclose the mortgage and to obtain judgment upon a promissory note which the mortgage was given to secure, the ulterior purpose was to determine the right of the plaintiffs in error to the property, or, in other words, to recover the property from them, they being in possession." *Busenbark v. Park,* 6 Kan. App. 1; 49 Pac. Rep. 682.

From this order of reversal the defendant in error in the Court of Appeals, the plaintiff in the District Court, prosecutes error.

The defendants in error in this court, Newell F. and Alice Busenbark, move to dismiss the petition in error because the case does not involve the title to real estate, and is, therefore, not appealable, as a matter of right, under section 14 of the Act of 1895 creating the Courts of Appeals. In the same breath, as it were, they contend that they are entitled to a trial by jury because the action against them in the court below was in effect ejectment, to dispossess them of their land. The plaintiff in error in this court resists the motion to dismiss by agreeing with the defendants in error that the case does not involve the title to real estate ; saying that it does not do so either as an ejectment action or otherwise, and, therefore, that the opposing party was not entitled to a jury trial ; but he further says, that inasmuch as the Court of Appeals erroneously decided that the action did involve the title to real estate, such decision was for the time being the law of the case and justified an appeal to this court as a matter of right.

It will be observed that the action of plaintiff in error here, the plaintiff in the court below, was for the recovery of money and for the foreclosure of a mortgage upon the land in question, and that the defense to such action was title in the defendants and not in the mortgagor at the time the mortgage was executed. While it is true that in this State questions of land title may be litigated in actions to foreclose mortgages, yet in such cases the questions arise incidentally only, and the determination of the claim of title is not the main purpose of the action. The majority of the court do not think that cases in which assertions of land title are made merely for the purpose of defeating claims of lien, and not for the purpose of determining the rightfulness of conflicting claims to title between rivals for the ownership of land, fall

within the scope of section 14 of the act cited. Unlike the Court of Appeals, they do not view the case as one the ulterior purpose of which was to recover the land from the defendants Newell P. and Alice Busenbark. Neither the petition of the plaintiff in the court below nor the answer of the Egglestons, can be assimilated to an action of ejectment. The answer of the two Busenbarks is in the nature of a cross-petition to quiet title ; but in actions to quiet title jury trials are not allowed as a matter of right, because such actions are equitable in their nature, and were not before the adoption of our Constitution cases triable by jury. The declaration of the Constitution that "the right of trial by jury shall be inviolate" applies only to such cases as were triable by jury at the time of its adoption, with, perhaps, rights of action, since then created, of a character similar to those in which juries had theretofore been allowed as of right. The majority of the court are therefore of the opinion that, so far as the reason given by it for reversing the District Court and ordering a jury trial is concerned, the Court of Appeals was in error. The writer does not assent to the proposition that questions of title to land are not involved within the meaning of section fourteen of the act creating the Courts of Appeals in cases where defendants to mortgage foreclosure actions oppose title paramount to the lien claim.

Whether the two Busenbarks were entitled to a trial by jury upon their answer alleging lack of consideration for the plaintiff's mortgage and attempt to defraud them by giving it, we express no opinion. Such question has not been argued before us.

The petition in error is dismissed, not being allowable to this court as a matter of right.

Doster, C. J., dissenting.