FRED. MCCLAIN *et al.* v. JOSEPH JONES *et al.*

**No. 11256.**

FORCIBLE ENTRY AND DETAINER—*Jurisdiction of Supreme Court.* An action of forcible detainer, or forcible entry and detainer, is possessory merely, and does not involve the title to the real estate except as title may be incidentally offered in evidence to support the claim of right of possession, and therefore the supreme court does not have jurisdiction in a proceeding in error from a judgment in such kind of action when the value of the right of possession does not exceed $2000, although the value of the real estate may exceed that sum.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed June 10, 1899. Dismissed.

*James Lawrence,* and *Kos Harris,* for plaintiffs in error.

*Babb & Nighswonger,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action of forcible detainer, brought by the plaintiffs in error against the defendants in error before a justice of the peace, and by him certified to the district court because it involved the title to real estate. The case was tried in the district court and the statutory form of verdict " not guilty " found in defendants' favor. Upon this verdict judgment was entered and the plaintiffs prosecuted error to this court.

The value of the property, the possession of which is in dispute, is more than $2000, and if the thing in dispute were the property, and not the right to its possession, we would have jurisdiction, but the thing in dispute is not the property. It is the mere right of its possession, and in the necessary nature of the

thing its value cannot be $2000. It would seem from the record that the real estate itself was not worth much more than that amount. The thing in dispute in forcible detainer, and forcible entry and detainer, is not the title to the real estate but the mere right to its possession. In such class of actions the title to the real estate is often involved, but it is involved as an incident only and not as the main subject of controversy. (*Conaway v. Gore,* 27 Kan. 122.) The fact that the title to real estate becomes incidentally involved in a suit is not sufficient to give this court jurisdiction within the meaning of the statute allowing appeals from the court of appeals as a matter of right. (*Park v. Busenbark,* 59 Kan. 65, 51 Pac. 907.) That an action of forcible detainer is a mere possessory action, involving land title only as it may sometimes become necessary to make proof of it in order to determine the right of possession, is well established by the decisions of this court. (*Conaway v. Gore,* supra; *Buettinger v. Hurley,* 34 Kan. 585, 9 Pac. 197; *Ow v. Wickham,* 38 id. 225, 16 Pac. 335.) Under the peculiar provision of our statute a judgment in such kind of action is conclusive upon neither party to it. (Gen. Stat. 1889, ¶ 5016.)

We have no jurisdiction in the case and it is accordingly dismissed.