## ESTERLY v. RUA.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1903.)

No. 907.

1. CLAIMS AGAINST ESTATES—APPEAL—ASSIGNMENT OF ERROR—OBJECTIONS—RE-VIEW.

Where, in an action on a claim against a decedent's estate, objections that the claim before the administrator was not duly verified, that it differed from the claim presented to the court, and that the heirs were not made parties to the proceedings, were not included in the assignments of error on appeal, which merely alleged error in the court's ruling, on the administrator's motion to strike out the petition, and in overruling defendant's demurrer thereto, and his motion for judgment on the pleadings, without any specifications of the grounds of the motions or the demurrer being made, the objections, being technical, would not be reviewed.

2. SAME—CLAIMS BY PARTNERS—PROBATE COURT—JURISDICTION.

Alaska Code, tit. 2, § 823 (Act June 6, 1900, c. 786; 31 Stat. 462), provides that if the administrator shall refuse to allow a claim or demand against the deceased it may be presented to the District Court or a judge thereof for allowance, and such court or judge shall have power to hear and determine such demand in a summary manner; section 790 (Act June 6, 1900, c. 786; 31 Stat. 457) requires the administrator of a deceased partner to include the whole property of the partnership in his inventory; sections 791–794 (Act June 6, 1900, c. 786; 31 Stat. 457, 458) provide that unless the surviving partner within five days after filing the inventory shall apply for administration the administration thereof shall devolve on the general administrator; and section 795 (Act June 6, 1900, c. 786; 31 Stat. 458) declares that the administration of estates shall be in the nature of a suit in equity. *Held,* that the District Court had jurisdiction to determine a claim by a surviving partner against the estate of his deceased partner, which involved an accounting of partnership affairs.

3. SAME—EQUITY.

Where a petition for the allowance of a claim against the estate of a deceased partner filed in the District Court of Alaska contained all the necessary averments of a bill in equity, and defendant answered, and the issues raised were tried by the court on evidence adduced, the court having jurisdiction of the suit, its order and judgment might be regarded as a decree in a suit in equity settling a partnership accounts.

4. SAME—CLAIMS AGAINST ESTATES—APPEAL—JURY TRIAL.

Alaska Code, § 823, providing that on the disallowance of a claim against a decedent's estate by the administrator it may be presented to the District Court, or a judge thereof, which shall hear and determine the same in a summary manner, and that its determination shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases, provided that no claim which shall have been so rejected by the administrator shall be allowed by any court, referee, or jury, except on competent and satisfactory proof, does not entitle either party to a jury trial of a proceeding in a District Court to establish a claim after it had been rejected by the administrator.

5. SAME.

Under Alaska Code, tit. 2, § 795, providing that the mode of proceeding in the administration of estates shall be in the nature of a suit in equity, as distinguished from an action at law, and section 371, c. 15 (Act June 6, 1900, c. 786; 31 Stat. 395), providing that, except as otherwise provided, both issues of law and fact shall be tried by the court unless referred, a contestant of a claim against a decedent's estate in proceedings to establish the same in a District Court sitting in probate

122 F.—39

is not entitled to a jury trial under the Constitution, seventh amendment, providing that in suits at law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved.

Appeal from the District Court of the United States for the First Division of the District of Alaska.

This appeal is taken from the judgment of the District Court for the district of Alaska, Division No. 1, rendered on the claim of the appellee against the estate of M. O. Gladbaugh, deceased. The petition which the appellee presented to the court represented that he and the deceased were equal owners of a certain lode mining claim discovered and located by them jointly, but located in the name of the deceased, and that the appellee was the owner of an undivided one-half interest therein, which was admitted and recognized by the deceased up to the time of his death; that the appellee and the deceased were partners, and that each contributed his work and money to the furtherance of their joint enterprise, and that they improved said lode mining claim, and expended large sums of money on it, and that in the year 1898 they bonded the said lode mining claim to certain prospective purchasers, on which bond the deceased received $2,500, one-half of which belonged to the appellee, but which was never paid to him; that said bond was forfeited, and that thereafter the appellee and the deceased, acting together, bonded the said property to other prospective purchasers, from whom the deceased received $1,000 for the joint use of himself and the appellee, but never paid to the appellee his share thereof, except $100; that in May, 1900, the appellee and the deceased sold the whole of said lode mining claim for $60,000, but before the payment of said purchase price the said M. O. Gladbaugh died intestate; that George M. Esterly was appointed administrator of his estate in the United States commissioner's court, acting in probate at Valdez, Alaska, and as such administrator took immediate possession of the property of said decedent, including the securities, contracts, and evidences of the said unpaid $60,000, the purchase price of said mine; that the appellee duly presented to the administrator his claim against said estate for said sums so due him, amounting to $31,700, duly verified by his oath, but that said administrator rejected and disallowed the same. The appellee prayed that the claim be allowed, and that a time be fixed for hearing his evidence in support thereof. A motion to strike out the said petition and a demurrer thereto, interposed by the administrator, were overruled by the court; whereupon the administrator answered the petition, and denied said claim of the appellee, and denied the alleged joint ownership of said property, and set up other defenses. Testimony on the issues so raised was taken before the court, and the court found that the claim was just, and should be allowed, and entered a judgment allowing the same.

T. J. Donohoe, T. R. Lyons, E. S. Pillsbury, Pillsbury, Madison & Sutro, and Alfred Sutro, for appellant.

W. E. Crews and Lorenzo S. B. Sawyer, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

On the presentation of the appeal before this court, it is contended that the judgment should be reversed for the following reasons: (1) The claim presented to the administrator was not properly verified; (2) the heirs of the decedent were not made parties; (3) the claim presented to the District Court was different from that presented to the administrator; (4) the court had no jurisdiction of the subject-matter; (5) the court erred in denying the appellant a jury trial.

The first three grounds on which the judgment is now attacked are not included in the assignments of error. The assignments of

error, it is true, charge that the court erred in overruling the motion of the administrator to strike out the petition, in overruling his demurrer thereto, in overruling his motion for a judgment on the pleadings, and in overruling his written objections to the introduction of any testimony; but that is all that is said in the assignments concerning those motions and the demurrer. There is no specification of the grounds of the motions or of the demurrer, and those grounds cannot be ascertained without searching the record. This the court will not do where the objections are, as they are in this case, purely technical, such as that the claim before the administrator was not duly verified, or that it differed from the claim presented to the court, or that the heirs have not been made parties to the proceeding. Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; Atchison, T. & S. F. R. Co. v. Mulligan, 14 C. C. A. 547, 67 Fed. 569.

It is contended that the court had no jurisdiction of said estate for the purpose of hearing or determining the claim, for the reason that the alleged partnership between the appellee and the decedent had never been settled, and could only be settled by a suit in equity. It is true that in the most of the states the jurisdiction of probate courts over the estates of decedents does not divest courts of equity of jurisdiction over suits to settle partnership affairs, and that ordinarily probate courts have no such jurisdiction. But there are states in which the reverse is true. Alaska Code, tit. 2, § 823, after enacting that if the executor or administrator shall refuse to allow a claim or a demand against the deceased it may be presented to the District Court or the judge thereof for allowance, thus provides:

"The District Court, or the judge thereof, shall have power to hear and determine in a summary manner all demands against any estate agreeable to the provisions of this chapter, and which have been so rejected by the executor or administrator; and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases." Act June 6, 1900, c. 786 (31 Stat. 462).

Section 790 provides:

"The executor or administrator of a deceased person who was a member of a copartnership, shall include in the inventory of such person's estate in a separate schedule the whole property of such partnership." Act June 6, 1900, c. 786 (31 Stat. 457).

Section 791 provides:

"After the inventory is taken the partnership property shall be in the custody and control of the executor or administrator for the purpose of administration, unless the surviving partner shall, within five days from the filing of the inventory, or such further time as the commissioner may allow, apply for the administration thereof, and give the undertaking therefor hereinafter prescribed." Act June 6, 1900, c. 786 (31 Stat. 457).

Section 792 provides that if the surviving partner become such administrator he shall be denominated an administrator of the partnership, "and his powers and duties extend to the settlement of the partnership business generally." Section 794 provides: "In case the surviving partner is not appointed administrator of the partnership, the administration thereof devolves upon the executor or general admin-

istrator." Act June 6, 1900, c. 786 (31 Stat. 458). Section 795, "Respecting the Administration of Estates," provides: "The mode of proceeding is in the nature of a suit in equity as distinct from an action at law." Act June 6, 1900, c. 786 (31 Stat. 458).

The language of section 823, above quoted, is identical with that of section 1134 of the Code of Civil Procedure of Oregon, the laws of which state had been extended over Alaska, and were in force in that territory up to the time of the adoption of the Code of Alaska. In Pomeroy's Equity Jurisprudence, § 1154, Oregon is placed in the rank of the few states in which "the jurisdiction of the probate courts over everything pertaining to the regular administration and settlement of decedent's estates is virtually exclusive." In a note to the same section (page 115) it is said that in Oregon "the absence of decisions upon the general question indicates that the statutory system of probate jurisdiction is exclusive, and that there is practically no equitable jurisdiction." In Winkle v. Winkle, 8 Or. 193, it was held that, where there was an antenuptial agreement made by the deceased, the rights of the parties claiming under it cannot be determined in equity, but should be presented and proved in the regular course of the administration pending in the probate court, and determined by that court in the final settlement. The court said that the statute had conferred on the probate court "exclusive jurisdiction in all matters pertaining to the transfer of the title to personal property of deceased persons. A court of equity has no jurisdiction over it."

Missouri and Maine are states in which, as in Oregon, the jurisdiction of probate courts over claims against estates is practically exclusive. In Ensworth v. Curd, Adm'r, 68 Mo. 382, a suit in equity had been instituted in the circuit court by a petition which alleged that the plaintiff and the administrator's intestate were, in the lifetime of the latter, engaged as partners in the purchase and sale of real estate, and the plaintiff prayed for an adjustment of their accounts, and that certain real property to which the intestate had taken a deed in his own name, and of which he died seised, be declared partnership property, and subjected to the payment of any balance found due the plaintiff on the final settlement of their accounts. It was held that while a court possessed of general equity powers is undoubtedly the proper tribunal in which to settle copartnership affairs between the living, settlement of a copartnership that had been dissolved by the death of one of the partners must be had in the probate court, and the plaintiff was relegated to that court. See Pearce v. Calhoun, 59 Mo. 271; Ross v. Carson, 32 Mo. App. 148; State ex rel. Richardson v. Withrow et al., 141 Mo. 85, 41 S. W. 980; Cook v. Lewis, 36 Me. 340. These considerations and the foregoing authorities fully dispose of the objection to the jurisdiction of the District Court as a court of probate over the appellee's claim. But if, indeed, the appellee were, under the Code of Alaska, required to resort to a court of equity to establish the fact of the copartnership and his claim against it, the proceedings which were had in the District Court would fully answer the requirements of such a suit. The petition of the appellee contained all the necessary averments of a bill

in equity. The court had jurisdiction of such a suit. The appellant answered, and the issues raised on the petition and the answer were tried by the court on the evidence which was adduced. The order and judgment of the court thereon may be regarded as a decree establishing the right and the claim of the appellee.

It is contended that the appellant was entitled to a jury trial for the reason that section 1134 of the Oregon Civil Code, from which section 823 of the Code of Alaska was taken, had been so construed by the decisions of the Supreme Court of Oregon as to authorize a trial by jury. That court, in construing the provisions of section 1134, held that, on an appeal to the circuit court from a judgment of a probate court allowing or rejecting a claim, the case should be tried in the circuit court before a jury. In so ruling it gave force to that portion of the section which declares that the order of allowance made by the probate court shall have the force and effect of a judgment, and the court held that since the case came to the circuit court on appeal from a "judgment" it was to be there dealt with as any other judgment which might be reviewed by that court on appeal. But it never was held in Oregon that on a hearing before the probate court to establish a claim after it had been rejected by the administrator a jury trial could be had. The probate jurisdiction as to such a claim, which in Oregon is given to a probate court, is by the Alaska Code given to the District Court or the judge thereof. That court, or the judge thereof, occupies the same relation thereto that the probate court does under the Oregon Code, and, even if this question were not ruled by the decisions of the Oregon courts adversely to the appellant's contention, the very language of the grant of jurisdiction to the "District Court, or the judge thereof," must be held to indicate that it was not the intention to secure to the contestants of such a claim the right of trial by jury. The appellant invokes the provisions of the seventh amendment of the Constitution, which provides that "in suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." But the present controversy is not a suit at common law. In Ferris v. Higley, 20 Wall. 375, 22 L. Ed. 383, the Supreme Court denied the power of a territorial legislature to confer upon the probate courts which had been created under the organic act jurisdiction over common-law cases. Of the functions of probate courts the court said: "Such courts are not in their mode of proceeding governed by the rules of the common law. They are without juries, and have no special system of pleading." The Code of Alaska, in section 795, under title 2 of general provisions respecting the administration of estates, provides: "The mode of proceeding is in the nature of a suit in equity as distinguished from an action at law." Section 371 of chapter 15 of the same title provides that, except as in that chapter otherwise or specially provided, "both issues of law and fact shall be tried by the court unless referred." Act June 6, 1900, c. 786 (31 Stat. 395).

We find no error for which the judgment of the District Court should be reversed. It is accordingly affirmed.