## FREDERICKA GALLON v. EMIL HAAS.

### No. 13,123. (72 Pac. 770.)

#### SYLLABUS BY THE COURT.

1. WILL—*Appeal*—*Right to Jury.* Upon appeal to the district court from a proceeding in the probate court admitting to probate a will spoliated or destroyed, a jury trial of the questions involved is not a matter of right.

2. ———— *Consent of Wife.* A consent by a wife to the disposition of her husband's property by will may be given at any time during the lifetime of the testator.

Error from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed June 6, 1903. Affirmed.

#### STATEMENT.

FREDERICKA GALLON was cited to appear in the probate court and show cause for withholding from probate the last will and testament of her husband, Henry Gallon. After a hearing at which witnesses were called and testified, the court found that Henry Gallon died in Doniphan county in 1897, leaving a will which, since his death, had been destroyed by his wife, Fredericka. It was then ordered that, the execution of the will having been established, and the contents shown

by the subscribing witnesses in their testimony, which was reduced to writing, the will be admitted to probate, conformably to section 7986, General Statutes of 1901. An appeal was then taken by plaintiff in error to the district court. After a full hearing in which witnesses were examined on both sides, the district court found a due execution of the will by the testator ; that at that time Fredericka Gallon, the wife, signed her name to a writing under that of the testator, in which she consented to the disposition made by him of his estate ; that the testator died without issue ; and that the will was destroyed by plaintiff in error after the death of the testator, her husband. The court entered judgment establishing the will in accordance with the testimony of witnesses who knew its contents. Proceedings in error have been prosecuted by the widow to this court.

*Ryan & Reeder*, and *James Moran*, for plaintiff in error.

*Albert Perry*, and *A. S. Brewster*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The first error assigned is that the court should have allowed the plaintiff in error a jury trial, which she demanded. There was no error in this refusal. (*Rich v. Bowker*, 25 Kan. 7 ; *Hudson v. Hughan*, 56 id. 152, 42 Pac. 701.)

The contention that the title to real estate was involved in the proceeding is without merit. See *Park v. Busenbark*, 59 Kan. 65, 51 Pac. 907 ; *Tipton v. McCalla*, 59 id. 719, 54 Pac. 1054 ; *McClain v. Jones*, 60 id. 639, 57 Pac. 500.

It appeared that the wife of the testator at first

signed the will under his name.  · Her signature was then erased, and she signed a consent to his disposition of the property lower down on the paper.  As we understand the argument of counsel for plaintiff in error, they contend that the consent of the wife must precede the execution of the will by the testator. We do not think so.   It is sufficient if it be given at any time during the life of the testator.   (*Sill v. Sill*, 31 Kan. 248, 1 Pac. 556.)

There is no merit in the contention that there is a conflict between sections 7972 and 7973, General Statutes of 1901, relating to wills by married persons.   See *Noecker v. Noecker*, 66 Kan. 347, 71 Pac. 815.

We have given attention to the other grounds of error presented in counsel's brief, but find in them nothing substantial.

The judgment of the court below will be affirmed.

All the Justices concurring.