\*CARTWRIGHT V. HOLCOMB *et al.*

No. 2139, Okla. T.   Opinion Filed June   24, 1908.

(97 Pac. 385.)

1.   JURY—Right to Jury Trial—Will Contest.   A proceeding to contest a will under the laws of the territory of Oklahoma is not a suit at common law, wherein the parties were entitled to a trial by jury as a matter of right under the seventh amendment to the Constitution of the United States.

2.   SAME—Appeal from Probate Court—Discretion of Court.   On an appeal to the district court from a judgment of the probate court refusing to admit a will to probate, the district court may in its discretion make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties.

3.   WILLS—Contest—Appeal—Burden of Proof.   Upon a trial de novo in the district court of a cause appealed from the judgment of a probate court refusing to admit a will to probate upon the ground that the will was forged, it was not error for the district court to require the appellant to make a prima facie showing entitling the will to probate, when the record shows that the burden of proof to show the will was forged was cast upon the appellees.

(Syllabus by the Court.)

*Error from District Court, Canadian County; Jno. H. Burford, Judge.*

Action by I. M. Holcomb and others against Mary E. Cartwright.  Judgment for plaintiffs, and defendant brings error. Affirmed.

*J. W. Webb, Chambers & Taylor, S. A. Horton,* and *J. C. Robberts,* for plaintiff in error.

*John H. Wright, Lee F. Wilson, T. C. Trimble, Joe T. Robinson,* and *T. C. Trimble, Jr.,* for defendants in error.

*Appealed to the Supreme Court of the United States.

KANE, J.   This was a suit brought by the defendants in error against the plaintiff in error in the probate court of Oklahoma county for the purpose of contesting a will on the ground of forgery.   It seems from the pleadings and evidence that on the 18th day of February, 1904, one D. J. Spencer died, and I. M. Holcomb was duly appointed by the probate court of Oklahoma county administrator of his estate.   Thereafter the plaintiff in error, Mary E. Cartwright, presented to the probate court for probate a certain writing purporting to be the last will and testament of D. J. Spencer, where he names the plaintiff in error his sole devisee and legatee.   The defendants in error, Holcomb, as administrator, and J. N. Spencer, as brother and heir of the deceased, filed a contest against the probating of the alleged will, declaring the same to be a forgery.   The probate court, after hearing the cause, rendered judgment adverse to the plaintiff in error.   An appeal was taken from this judgment to the district court of Oklahoma county.   Afterwards, upon the application of plaintiff in error, a change of venue was granted, and the matter was removed to the district court of Canadian county, and tried by that court without the intervention of a jury.   The judgment of the probate court was affirmed by the district court, and from this judgment the case was taken by petition in error to the Supreme Court of the territory of Oklahoma, and duly transferred to this court under the terms of the enabling act and the Schedule to the Constitution.

The grounds upon which the plaintiff in error originally based her right to a reversal of the cause were stated by her counsel in their printed brief as follows:

"The question involved in the trial of this case was as to whether or not a will presented to the probate court for probate in the estate of D. J. Spencer, deceased, wherein he willed all of his property to Mary E. Cartwright, was a forgery.   It was a plain, straight controversy upon questions of fact merely, and the court, we contend, erred in refusing to the plaintiff in error, upon

request and demand, a trial by jury to determine the questions of fact."

Upon oral argument one of the counsel appearing for plaintiff in error argued that the court below, against the objection of plaintiff in error, held that the burden of proof was upon her to show that the will was not a forgery, and has since filed a supplemental brief in support of this theory, wherein he states his position thus:

"We will proceed to write this brief upon the theory that there is no evidence in the record to support the judgment of the court, and our further position will be that the trial court, regardless of what his personal feelings might have been, would have been compelled to render judgment in the case for the plaintiff in error, had he not misinterpreted the rule of law by which he should have measured the testimony in this case; that is to say, he held, against the objections of the plaintiff in error, that the burden of proof was upon her to show that this will was not a forgery. This is clearly wrong, and is contrary to the statutes of Oklahoma."

· On the first proposition counsel for plaintiff in error contends that, notwithstanding section 1807, Wilson's Rev. & Ann. St. 1903, which provides that the "appellate court has the same power to decide the questions of fact which the probate court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any or all the material questions of fact arising upon the issues between the parties," she was entitled to a trial by jury as a matter of right by virtue of the provisions of the seventh amendment to the Constitution of the United States, which provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," and argues that section 1807, *supra,* being in contravention of the foregoing provision of the Constitution of the United States, is unconstitutional and void. The authorities, to our mind, do not sustain counsel in their contention on this proposition. The constitutional guarantee of the right to trial by jury in civil cases,

provided by the seventh amendment, extends only to suits at common law, and the present controversy is not such a suit. *Esterly v. Rua,* 122 Fed. 609, 58 C. C. A. 548.

The question involved in *Easterly v. Rua, supra,* a case arising under the laws of the territory of Alaska, was the right to a trial by a jury on a contested claim against an estate.   Gilbert, Circuit Judge, who wrote the opinion, says:

"The appellant invokes the provisions of the seventh amendment of the Constitution, which provides that 'in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'   But the present controversy is not a suit at common law."

In *Ferris v. Higley,* 20 Wall. 375, 22 L. Ed. 383, the Supreme Court denied the power of the territorial Legislature to confer upon the probate court, which had just been created under the Organic Act, jurisdiction over common-law cases.

In 2 Woerner on American Law of Administration, § 543, we find the following:

"As the power of probate courts is derived from statutes, which point out and determine the force and effect of their judgments and decrees, it follows that the right of appeal being the right to substitute the judgment of some higher court for that of the probate court, must be likewise conferred by statute."

At section 550 of the same work we find the following:

"On appeal to a court not of last resort, the appellate court proceeds as if it had original jurisdiction of the matter brought before it by appeal, which vacates and annuls, for the purposes of such trial, the judgment of the court below.   Such appeals, removing a cause from an inferior court to a superior court, for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted when expressly given by statute."

*Moody v. Found,* 208 Ill. 78, 69 N. E. 831, was a suit contesting the probate of a will.   A jury was demanded and refused Mr. Chief Justice Hand, in discussing the right of trial by jury under such circumstances, says:

"The jurisdiction to admit wills to probate has never been exercised by the common-law courts as a part of their common-law jurisdiction, but prior to the establishment of probate courts the ecclesiastical courts of England and the analogous courts of this country exercised that jurisdiction, and that jurisdiction, as now exercised by the county court of this state, is purely statutory, so that that constitutional provision that 'the right of trial by jury as heretofore enjoyed shall remain inviolate' did not confer upon the appellant the right to demand a jury upon the trial of said appeal in the circuit court, as it had been uniformly held that such constitutional provision was designed only to secure the right of trial by jury as it had theretofore been enjoyed in those tribunals which exercised common-law jurisdiction, and was not intended to confer such right in any class of cases where it had not formerly existed. Nor was it intended to introduce the jury system into those special summary jurisdictions which were unknown to the common law."

A great many of the states of the Union have construed provisions of their laws similar to section 1807, Wilson's Rev. & Ann. St. 1903, under constitutional provisions in effect the same as the seventh amendment to the Constitution of the United States, and in each instance held such provisions to be constitutional. In *Rich et al. v. Bowker et al.*, 25 Kan. 7, it is held that:

"In an action to contest a will, the parties are not, as a matter of right, entitled to have the issues tried by a jury."

In *Gallon v. Hass*, 67 Kan. 225, 72 Pac. 770, it is held that:

"Upon appeal to the district court from a proceeding in the probate court admitting to probate a will spoliated or destroyed, a jury trial of the questions involved is not a matter of right."

The Supreme Court of Wisconsin, in the *Matter of the Probate of the Will of Timothy Jackman, deceased,* 26 Wis. 104, held:

"On appeal from an order admitting, or refusing to admit, a will to probate, the circuit court may submit questions of fact to a jury, or not, at its discretion."

*In re Welch's Will,* 69 Vt. 127, 37 Atl. 250, the court held, under a statute very similar to ours and a constitutional provision similar to the seventh amendment of the Constitution of the United States, that:

"It is abundantly settled by the decisions of this court, above cited, that the constitutional right to a trial by jury, secured by the twelfth article of the Bill of Rights and the thirty-first section of chapter 2 of the Constitution, does not apply to questions in bills in equity, or proceedings in admiralty and in probate."

Other cases might be cited to the same effect, but the foregoing are sufficient to lead us to the conclusion that the plaintiff in error was not entitled to a trial by jury as a matter of right, and there seems to have been no abuse of discretion on the part of the court below in refusing a trial. The ruling on this question was not erroneous.

While the second question raised by counsel seems to have been an afterthought, and was not mentioned in the printed brief originally filed, yet as counsel earnestly called the question to the attention of the court on oral argument, and has since filed two typewritten briefs thereon, we are constrained to notice it. The record shows that the cause came on for trial before Judge Burford, and the plaintiff in error made demand for a trial by jury, which demand was by the court refused, and an exception given to the plaintiff in error, whereupon counsel for plaintiff in error said: "I would like to inquire where the burden of proofs is, and who has the opening and closing." And the court thereupon said:

"I think that is settled by statute. The parties presenting the will for probate will be required to proceed with their proof and make a showing as in the first instance. If the probate court had admitted the will to probate, the rule would be different; but, as the will has been refused probate, the burden is upon the party offering the will to make a showing entitling the will to probate."

The court, also, in a journal entry, stated that the plaintiff in error should have been required first to make a *prima facie* case.

So far as the record shows, these statements by the court seemed to meet the approval of the parties. At least there were no objections to them, and no exceptions were saved. Then the plaintiff in error offered certain proof tending to establish the

authenticity of the will, to which a demurrer was overruled, whereupon the defendants in error offered their proof tending to show that the will was forged. Then follows the evidence of the plaintiff in error, rebutting the evidence offered to support the allegations of forgery. To this order of proof there was no objection or exception on the part of the plaintiff in error. It does not appear, from the statement of the court or the order in which the proof was introduced, that the court had any misconception as to where the burden of proof lay to establish the charge of forgery. The court required the plaintiff in error to make proof sufficient to establish a *prima facie* case on the question of the probate of the will, but undoubtedly cast the burden of proof upon the defendants in error on the question of the forgery. To our mind there was no error in this.

Counsel for plaintiff in error, in his typewritten reply brief recently filed, said that:

"Where a contest is filed, and is appealed to the district court, nothing is carried to the district court but the contest. It is an independent suit, and should be filed in the probate court as a separate suit, and, if tried together, same must be ordered consolidated by the probate court; and when the contest is appealed to the district court, nothing except the contest is appealed, and the contestants are plaintiffs and the petitioner is defendant. The defendants do not have to make any kind of a case, either *prima facie* or otherwise, in the district court, and it is error to so require the defendant to make a *prima facie* case."

We do not believe the authorities cited by counsel sustain this contention. Even admitting that it was not necessary for plaintiff in error to make a *prima facie* case sufficient to entitle the will to probate, yet requiring her to do so could in no way prejudice her upon the main question in the case—that is, whether or not the will was forged—as upon that question the court very properly placed the burden upon the defendants in error. But the burden and order of proof required by the court below seems to be sanctioned by some of the authorities cited by counsel for

plaintiff in error, and none of them hold such a ruling to be reversible error.

In *Latour's Estate,* 140 Cal. 414, 74 Pac. 441, the second syllabus reads:

"Where a petition for probate of a will and a contest are tried at the same time, the proponent should first present his preliminary proof in support of his petition, on which he has the burden of proof, which, if sustained, requires the contestant to introduce proof to establish his contest."

The same rule seems to prevail in Kansas. Mr. Justice Porter, in *McConnel et al. v. Keir,* 76 Kan. 527, 92 Pac. 540, says:

"In a proceeding for the probate of a will, the burden rests upon the proponents to establish its valid execution. But this rule is qualified by another, which requires only a *prima facie* showing of the validity of the will and its due execution to entitle it to probate."

From another case cited by plaintiff in error (*Craig v. Southard,* 162 Ill. 209, 44 N. E. 393) we quote the following from the *per curiam* opinion:

"The court had already instructed the jury that it was incumbent upon the proponents of the will to make out a *prima facie* case in the first instance by proper proof of the due execution of the will by testator and his mental capacity as required by the statute, and there was no question in the case that such proof was not made. The burden of proof was then upon the contestants to prove the allegations of their bill by a preponderance of the evidence."

In *Jones v. Jones et al.,* 137 N. Y. 610, 33 N. E. 479, another case cited by plaintiff in error, in the *per curiam* opinion we find the following language:

"He who asserts a lack of ability on the part of a grantor to execute a deed whose due execution is *prima facie* shown must prove that lack of ability by a preponderance of the evidence."

To our mind the foregoing cases are rather in favor of the action of the court below than against it. The court below evidently had a proper conception of the issues involved and where

the burden of proof lay, and undoubtedly decided the case in accordance with the weight of evidence as it appeared to it. There is ample evidence in the record to support the judgment rendered, so we do not feel called upon in this case to again weigh it to determine where the preponderance lay. Indeed, it would be contrary to a well-established rule, many times reiterated by a long line of decisions of this court to do so.

Counsel discusses at length the credibility of expert witnesses and the weight to be given their testimony, and argues that the court below gave more credence to such testimony than the rules of evidence justified. There is nothing in the record to show that this is so. The testimony was all introduced in the order hereinbefore stated. A great many witnesses testified for both sides. Considerable expert and opinion evidence, as is always the rule in such cases, was offered and admitted; but that undue weight was given to it nowhere appears. The presumption is, in the absence from the record of anything to the contrary, that the court understood the weight to be given to evidence of this kind.

From a careful examination of the whole record, we are of the opinion that the case was carefully and fairly tried by the court below; and finding no abuse of discretion on the part of the court, or other prejudicial error in the proceedings, its judgment ought to be affirmed. It is so ordered.

All the Justices concur.