## In re WILL OF SON-SE-GRA.

No. 9492.   Opinion Filed March 16, 1920.

Rehearing Denied May 11, 1920.

(Syllabus by the Court.)

1. **Wills—Probate — Judgment — Appeal — Sufficiency of Evidence.**

A judgment of the trial court in probating a will and findings of the court upon the issues presented by a contestant will not be disturbed unless clearly against the weight of the evidence.

2. **Wills—Contest—Issues and Burden of Proof.**

The burden of proof in the trial of a contest of the probate of a will is first upon the proponents of the will to make a prima facie showing that the will is entitled to probate; the burden then shifts to the contestant to establish the issues presented by his contest.

3. **Evidence—Judicial Notice—Federal Department Officials—Signatures.**

Courts of Oklahoma will take judicial notice of the persons who occupy chief places in the departments of the federal government; and also their chief subordinate officers, together with the signatures of such officers.

4. **Wills — Validity — Execution — Sufficiency of Evidence.**

Evidence examined, and held, that the will was executed and attested as required by section 8348, Rev. Laws 1910.

5. **Same—Probate—Judgment.**

Record examined and held, that the judgment of the trial court is not clearly against the weight of the evidence.

Error from District Court, Osage County; R. B. Boone, Judge.

In the matter of the probate of the last will and testament of Son-se-gra, Roll No. 2130, deceased. From judgment admitting will to probate, contestant, Cap Strike-Axe, brings error. Affirmed.

Horsley & Holcomb, for contestant, plaintiff in error.

G. K. Sutherland and Grinstead & Scott, for proponents, defendants in error.

OWEN, C. J.   The will in question was executed by Son-se-gra, a full-blood Osage Indian, and filed for probate in the county court of Osage county.  Cap Strike-Axe, her husband, filed a contest against the admission of the will to probate, and, upon judgment being rendered in favor of the proponents, contestant appealed to the district court, where judgment was rendered admitting the will to probate, from which judgment this appeal is prosecuted.

The questions presented and argued in the brief of plaintiffs in error on which a reversal of the case is sought are whether Son-se-gra had testamentary capacity, and whether the will was executed, attested, witnessed and identified as required by law.  These questions involve the sufficiency of the evidence to sustain the judgment of the trial court.

A judgment probating a will and the findings of the court upon the issues raised by the contestant will not be disturbed unless clearly against the weight of the evidence. Bilby v. Stewart, 55 Okla. 767, 153 Pac. 1173; In re Blackfeather's Estate, 54 Okla. 1, 153 Pac. 839; Dicky v. Dicky, 66 Oklahoma, 168 Pac. 1018; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65.

The burden of proof in the trial of a contest of the probate of a will is, first, upon the proponents of the will to make a prima facie showing entitling the will to probate; the burden then shifts to the contestants to establish the issues presented by their contest.   Section 6210, Rev. Laws 1910; Cartwright v. Holcomb, 21 Okla. 548, 97 Pac. 385; In re Blackfeather's Estate, supra; In re McCrelish's Estate, 167 Cal. 711, 141 Pac. 257, L. R. A. 1915A, 443; Estate of LaTour, 140 Cal. 414, 73 Pac. 1070, 74 Pac. 441; Jones on Evidence, sec. 189; In Re Van Alstine Estate, 26 Utah, 193, 72 Pac. 942.

The evidence as to testamentary capacity of the deceased, Son-se-gra, is to the effect that the testatrix was an Indian woman about 65 years of age, possessing restricted Osage allotments and trust funds held by the United States government; that a few days before she died she sent for an attorney to prepare her will, who, after two conversations with her, through an interpreter, prepared the will which she executed; that for some time prior to the execution of the will, she was ill, and she died the day following its execution; that she knew the general nature of her property, not by legal description, but by her allotment selections and tracts, and she knew the government had

trust funds belonging to her. The principal beneficiary under the will was her surviving husband, the contestant. The other beneficiaries were her relatives, most of whom made their home with the testatrix and were cared for by her. On the day of the execution of the will she transacted other business with the chief of the Indian police with reference to her property, and inquired about a certain house which she claimed to own in an Indian village.

The trial court found that she had sufficient testamentary capacity to make the will. This finding should not be disturbed unless clearly against the weight of the evidence, and from an examination of the record we are not justified in reaching such conclusion.

On the question of the execution and attestation of the will, the evidence shows it was read to testatrix by the interpreter, and she assented to each paragraph at the conclusion thereof; that the interpreter was a full-blood Osage, who spoke both the English and the Osage languages fluently, having acted as an official interpreter for the Osage Tribe; that the other witnesses to the will both understood the Osage language to a certain extent, one of whom, the chief of the Osage Indian police, testified that he could understand the import of the conversation, although he could not talk fluently.. All three of the witnesses signed the will and the interpreter signed the name of the testatrix at her request, testatrix requesting him to ask the other two witnesses to witness the will, one of which witnesses asked her in both Osage and English if she understood the nature of the will and if she wanted him to witness it, to which she replied she did. The testatrix could speak English brokenly. During the interpretation of the will all the witnesses were present at all times and understood her assent to the provisions of the will. From these facts and the attestation clause on the will itself it appears that the will was executed in accordance with the provisions of section 8348, Rev. Laws 1910, and comes within the rule announced by this court in the case of In re Estate of Martin Klufa, 78 Okla. 13, 188 Pac. 329. These facts distinguish the case from that of Hill v. Davis, 64 Oklahoma, 167 Pac. 465.

It is urged there was no proof of the approval of the will by the Secretary of the Interior as required by the act of Congress of April 28, 1912. The original will was offered in evidence and bore the indorsement of the approval by the Secretary of the Interior by the assistant secretary, Bo Sweeney. This was sufficient, in the absence of any evidence to the contrary, as to the approval and signature of the Secretary of the Interior. The courts of Oklahoma will take judicial notice of the heads of the departments of the federal government and their chief subordinates. 16 Cyc. 901, 15 R. C. L. 1105; Kellogg v. Finn (S. D.) 119 N. W. 545, 18 Am. Eng. Ann. Cases, 363, and note; Kaiser v. Hitz (U. S.) 33 L. Ed. 531; York & Maryland Ry. Co. v. Winans (U. S.) 15 L. Ed. 27; Richardson v. McChesney, 218 U. S. 487, 54 L. Ed. 1121; People v. Paulson, 146 Ill. App. 534; Bigelow v. Planters Co., 7 Porto Rico Fed. 386.

From an examination of the record, we are of the opinion the judgment of the trial court is not clearly against the weight of evidence, and the same will be affirmed.

PITCHFORD, McNEILL, HIGGINS and BAILEY, JJ., concur.