## In re WILL OF ME-HUN-KAH.
## CARSON, Adm'r, et al. v. MILLS et al.

No. 9433—Opinion Filed March 30, 1920.

Rehearing Denied May 11, 1920.

(Syllabus by the Court)

**1. Wills—Contest—Review—Evidence.**

The judgment of the trial court in probating a will and the findings upon the issues presented by the contestant will not be disturbed unless clearly against the weight of the evidence.

**2. Wills—Execution—Attestation—Evidence**

Failure of the attesting witnesses to a will to state in the attestative clause that testatrix subscribed her name in their presence is not fatal to the validity of the will, and competent evidence may be introduced on the probate of the will to show the will was executed and attested as required by law, and subscribed by testatrix in the presence of such witnesses.

**3. Same—Signature of Attesting Witness—Necessity.**

Failure of the person who signed the name of the testatrix at her request to affix his own signature as an attesting witness, as required by section 8349, Rev. Laws 1910, does not invalidate the will.

**4. Wills—Contest—Judgment—Sufficiency of Evidence.**

Record examined, and held, the judgment of the trial court is not clearly against the weight of the evidence.

**5. Same—Appeal—Issues not Presented Below—Review.**

When a contestant, seeking to have a will declared invalid, urges for the first time on

appeal that said will does not revoke an alleged prior will, this court will not consider the question, such issue not having been presented to the trial court.

Error from District Court, Osage County; R. B. Boone, Judge.

Contest of will of Me-hun-kah, Osage allottee, No. 621, deceased; H. G. Carson, administrator of the estate of Rosanna Shah-pah-nah-she, deceased, and another, being contestants, and Joseph Mills and others proponents. Judgment admitting will to probate, and contestants bring error. Affirmed.

H. P. White, for contestant, plaintiff in error.

Grinstead & Scott, for proponents, defendants in error.

OWEN, C. J. The will of Me-hun-kah, a full-blood Osage Indian, was presented for probate in the county court of Osage county, probation contested, and from a judgment of the county court contestants appealed to the district court. From the judgment of the district court admitting the will to probate, this appeal is prosecuted. To reverse the judgment of the trial court it is urged: (1) Lack of testamentary capacity; (2) irregularity in the execution and attestation; (3) undue influence, fraud, and coercion in the execution of the will.

These questions involve issues of fact decided by the trial court. The findings and judgment of the trial court in such case will not be set aside, unless clearly against the weight of the evidence. In re Son-se-gra's Will, decided March 16, 1920, 78 Okla. 213; Bilby v. Stewart, 55 Okla. 767, 153 Pac. 1173; Dicky v. Dicky, 66 Oklahoma, 168 Pac. 1018; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65.

It appears the testatrix was about 70 years of age, and had been seriously ill for some months prior to the execution of the will. A few weeks prior to her death she sent for an attorney connected with the Osage Indian Agency at Pawhuska, who, with the official interpreter of the agency, went to the home where she was ill and prepared a will in accordance with her wishes. About ten days later the attorney received information to the effect that she desired to change the will she had executed. The attorney prepared the will before us according to the information he received, and with the interpreter went again to the home of Me-hun-kah, where it was executed. At that time she was able to sit on the edge of the bed while the will was being interpreted to her, and the witnesses testified that she appeared to be strong for

one who had been ill for so long a time. The witnesses present at the time of the execution described her mental and physical condition and actions generally on that day. It appears one of the witnesses, after reading the will for himself, interrogated testatrix in the presence of the other witnesses, all of whom spoke both the Osage and the English languages. as to its provisions in order to ascertain whether she understood the nature of the document and the disposition made of her property. All of the witnesses present testified that she stated the will disposed of her property in accordance with her wishes. There was other proof as to her mental and physical condition prior to the execution of the will, and to the effect that she was rational at all times. Two physicians, who treated her during her last illness, testified that in their opinion she was not competent to execute a will during the last 30 days of her life. One of these physicians saw her only twice during that time. Another witness, who cared for the testatrix in the capacity of nurse for a short time, testified that she was irrational at times. The beneficiaries were her relatives and those with whom she had been closely associated for years prior to her death. It appears the testatrix knew generally of her lands and that the United States government held moneys in trust for her. It also appears she probably did not know the value of her lands, but did know the particular properties she desired beneficiaries to have.

The trial court found that she had testamentary capacity and it does not appear this finding is clearly against the weight of the evidence.

It is urged that it is not stated in the attestative clause that testatrix subscribed her name in the presence of attesting witnesses, and also that the interpreter, who signed testatrix' name, does not appear to have signed the instrument as a witness. This is not fatal to the validity of the will. It was held in Rosetta Ward et al. v. Board of County Com'rs et al., 12 Okla. 267, 70 Pac. 378, that:

"It is not necessary that the attestation clause of witnesses be attached to the will, in order to make the will valid. In its absence it can be shown by competent evidence that the will was attested as required by law. If the will was signed by witnesses, the absence of the attestation clause simply changes the mode of proof that the will was witnessed as required by law."

Section 8349, Rev. Laws 1910, provides that a person who subscribes testator's name shall write his own name as a witness,

but also expressly provides that a violation of this requirement does not affect the validity of the will. The attesting witnesses and the interpreter testified that testatrix made her mark in their presence, the interpreter writing her name, and she declared same to be her will and that it disposed of her property as she desired.

We are of the opinion that the findings of the trial court that the will was duly and legally executed, as the last will and testament of Me-hun-kah, deceased, and that the same was freely and voluntarily, and without undue influence, executed by her, is not clearly against the weight of the evidence, and such findings will not be disturbed.

The contestants, in their reply brief, for the first time urge that the will in question is not entitled to probate as the last will of decedent, for the reason it appears another will had been executed and this will does not expressly revoke the prior will. Such prior will was not offered for probate by contestants; they did not rely on it for any rights, insisting in the trial court that decedent died intestate. This issue, not having been presented to the trial court by the pleadings or in the evidence, may not be presented for the first time in this court on appeal. In re Nichols' Will, 64 Oklahoma, 166 Pac. 1087; Ruby v. Warrior, 71 Oklahoma, 175 Pac. 355; Guaranteed State Bank v. D'Yarmett, 67 Oklahoma, 169 Pac. 639; Westlake v. Cooper, 69 Oklahoma, 171 Pac. 859.

The judgment of the trial court is affirmed.

KANE, RAINEY, PITCHFORD, Mc-NEILL, and BAILEY, JJ., concur.