## In re WILL of STIRES.
## LOOMAN v. CARDER.

No. 11849—Opinion Filed Oct. 9, 1923.

### 1. Wills—Contest—Proof of Execution.

The evidence on the part of proponent as to the execution of a will proved the signature of the testator and the signatures of the subscribing witnesses. The will was dated July 24, 1906. One of the subscribing witnesses was dead; the other, on trial of case, 1919, did not remember the place or the time of execution of will and did not remember anything said on the occasion, but stated that, if the testator and the other witnesses had not been present and if the testator had not signed the will in his presence and had not requested him to sign as a witness and had not declared it to be his last will and testament, he would not have signed his name as a subscribing witness. The evidence on the part of contestant against the genuineness of the signature of the testator was opinion testimony, and there being no impeachment of the signatures of the subscribing witnesses, held, that there was sufficient proof of the execution of the will.

### 2. Same—Appeal—Conflicting Evidence.

Where the probate of the will is contested and the testimony is conflicting as to the execution of the will, the judgment of the trial court will not be disturbed, if there is any substantial testimony supporting the finding and judgment of the court.

### 3. Same—Trial—Reception of Evidence.

Where the probate of a will is contested, the contestant is plaintiff, and the proponent or petitioner is defendant, and when the plaintiff offers proof in support of his grounds of opposition to the probate of the will, the proponent may offer proof in defense and same cannot be objected to on the ground of improper rebuttal testimony.

### 4. Same—Order of Evidence—Discretion of Court.

Where the probate of a will is contested and the issues are tried to the court, the order of introducing testimony is within the sound and reasonable discretion of the court, and the judgment will not be disturbed and the cause reversed for new trial unless it

appears there was an abuse of discretion resulting in a miscarriage of justice or violation of a constitutional or statutory right to the prejudice of complaining party.

**5. Same — Harmless Error—Admission of Evidence.**

Where the probate of a will is contested, and the mother or next of kin is the plaintiff and the proponent is the wife and beneficiary under the will, she is incompetent under section 588 of Compiled Laws of 1921 to testify as a witness to any material facts involved in the contest, but where the evidence is sufficient to sustain the judgment of the court without her testimony, and it does not appear that the complaining party was injured thereby, the cause will not be reversed for this reason, under section 2822, Compiled Laws 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Arthur R. Swank, Judge.

In the Matter of the Probate of the Will of Joseph W. Stires, deceased; Mattie V. Carder, Proponent; Elizabeth J. Looman, Contestant. Judgment admitting the will to Probate sustained.

John P. Hickam and L. G. Lewis, for plaintiff in error.

C. L. Canfield and M. C. Spradling, for defendant in error.

Opinion by THREADGILL, C. This is an appeal from the judgment of the district court of Payne county, Okla., reversing a judgment of the county court of said county, and ordering that a certain instrument in writing dated July 24, 1906, be probated as the last will and testament of Joseph W. Stier, deceased. The proceeding was commenced by Mattie V. Carder filing a petition in the county court of Payne county on the 15th day of May, 1919, asking that the last will and testament of said Joseph W. Stier, deceased, be admitted to probate.

It was alleged in said petition that the said will was executed in the state of West Virginia; that the witnesses thereto were residents of the state of West Virginia; that the said Joseph W. Stier died in the town of Yale, Payne county, Okla., on or about the 19th day of March, 1918; that at the time of his death he was a resident of said county, and left an estate in said county consisting of personal property, money on deposit in the bank, and war saving stamps in the sum of about $1,500. The petition stated that he left a will dated July 24, 1906; that the same was attached to the said petition and that it was the last will and testament of said decedent; that the

person named in said will as executrix is now Mattie V. Carder; that the names, ages, and residences of the heirs, devisees, and legatees of the said Joseph W. Stier are Elizabeth J. Looman, mother, age 65 years, Clarksburg, West Virginia, Mattie V. Carder, age 38, Tulsa, Oklahoma.

On the 21st day of July, 1919, the plaintiff in error herein filed in the county court of Payne county a contest in writing to said alleged will, in which she stated that she was the mother of said Joseph W. Stires, and was his only heir at law, and was entitled to receive all the estate; that the instrument purported to be the last will and testament of said decedent was not executed in the manner and form required by law; that said Joseph W. Stires did not sign purported will at all; that the petitioner, Mattie V. Carder, was the wife of said Joseph W. Stires at the time the said will was executed, but subsequent to said date she left him, and thereafter she and the decedent were divorced, and she asks in this contest that the said purported will and testament, presented for probate, be denied. To this contest in writing the said Mattie V. Carder filed an answer, denying each and every allegation contained therein, which contested the probate of said instrument. The case was tried in the county court of Payne county and the said will was denied probate, and from this order of the county court denying the will probate, Mattie V. Carder, the proponent, appealed to the district court of said county and upon a trial had to the district court, the judgment of the county court was reversed, and the will was admitted to probate, and from this judgment of the district court, Elizabeth J. Looman has appealed to this court by petition in error and case-made attached for review. Elizabeth J. Looman will be referred to herein as plaintiff and Mattie V. Carder as defendant.

1. Plaintiff contends that the evidence is not sufficient to sustain the judgment.

The only question involved in the contest was "the due execution and attestation of the will by the decedent or subscribing witness."

Section 11231, Comp. Stat. 1921, provides what the formal requisites of a will are, and they are substantially the same as the requirements of the West Virginia statutes, being the state where the will in controversy was made.

Section 1108, Comp. Stat. 1921, provides the manner of proving the fact of the will where there is a contest.

"If the will is contested all the subscribing witnesses who are present in the county

and who are of sound mind must be produced and examined and the death, absence, or insanity of any of them must be satisfactorily shown to the court. If none of the witnesses reside in the county and are not present at the time appointed for proving the will the court may admit the testimony of other witnesses to prove the sanity of the testator and the execution of the will and as evidence of the execution it may admit proof of the handwriting of the testator and of the subscribing witnesses or any of them."

Isaac L. Davidson testified, in substance, that his home was in West Virginia; that he was president of the Harrison county court; that he was one of the subscribing witnesses to the will of Joseph W. Stier, that he knew the decedent in West Virginia from his boyhood; knew his wife, Mattie V. Stier, now Carder, for about 20 years; was well acquainted with Michael K. Baker, knew that he died and had been dead for ten years, knew his handwriting and identified the writing in the will as the writing of said Baker and the signature of Michael K. Baker as the handwriting of said subscribing witness, that at the time the will was made, 1908, Baker was a notary public, often drew up wills and deeds and oil and gas leases for people; identifed his own signature to the will as a subscribing witness; said he never had heard anything against the soundness of the mind and memory of the deceased; could not remember when the will was signed and witnessed; could not remember what was said about it but was sure he would not have signed his name, as a witness, unless the testator had declared the instrument to be his last will and testament and requested him to sign as a witness in his presence and in the presence of other subscribing witnesses, Michael K. Baker.

Mattie V. Carder, who was the widow and the proponent of the will, testified that the name Joseph W. Stier, signed to the will, was the handwriting and signature of her former husband.

George T. Williamson, a banker in Wallace, W. Va., by his deposition testified that he was acquainted with the handwriting of Joseph W. Stier, Michael K. Baker, and Issac L. Davidson, and in his judgment the three names in the will were in their handwriting.

William N. Edgill, a Methodist minister, testified, by deposition, that he knew Michael K. Baker and his handwriting, and, after examining the instrument purported to be the last will of Joseph W. Stier, he said it was the handwriting of Michael K. Baker and the name subscribed as a witness was the handwriting of said Baker; that the family name Stires in the neighborhood where they lived in West Virginia was often spelled Stier and they had no uniform way of spelling it.

Omar W. Swiger testified that he lived in Harrison county, W. Va., and was a merchant at Wallace; that he was acquainted with Michael K. Baker, practically all his life, that he was a notary public and had been for ten or fifteen years, that he had experience in writing wills and deeds; that said Baker wrote a great many wills and deeds in his life time in that community; that Baker was once tax assessor of Harrison county, W. Va.; that he was acquainted with Issac L. Davidson, had known him about 24 years; that he had been a merchant and at present time and for five years was president of the county court of Harrison county; he knew his handwriting, having seen him sign many business and official papers; that he was well acquainted with Joseph W. Stier, had known him from early boyhood to the time of his death; knew his father's family, knew his handwriting, had had many business transactions with him; also knew Issac L. Davidson and his signature and identified the writing of the will as the hand of Michael K. Baker, and the signature of the testator as the writing of Joseph W. Stier, and the signature of the two subscribing witnesses as the writing of Michael K. Baker and Issac L. Davidson, respectively; that Stires was often spelled Stier.

G. W. Bavinger, an embalmer, who lived at Yale, Okla., testified about the death of the testator; he was found dead in bed, in a little house, where he was living in that neighborhood, March, 1918, with a bullet hole in his head above the right ear and a pistol on the bed, said he sent a telegram to West Virginia, announcing the death.

Under the statute above stated this testimony was sufficient to make out a prima facie case as to the facts of the will. In re Tyler's Estate, 121 Cal. 405, 53 Pac. 928; In re Will of Hunt, 110 N. Y. 278, 18 N. E. 106! In Wright's Estate, 2 Demarest's, N. Y. Surogate Reports, 482; Barnes v. Barnes, 66 Me. 286; In re Pepoon, 91 N. Y. 255.

The plaintiff contestant introduced testimony contesting the genuineness of the signature of the decedent.

B. H. Stires, the half-brother, when asked on the witness stand if the signature to the will was Joseph W. Stires' signature, answered that it was not his name, but he did not answer that it was not his handwriting.

A. L. Sloan, of Yale, Okla., who was in the banking business, testified that he had business transactions with the decedent and was acquainted with his handwriting and that he would not take the signature on the purported will to be the signature of Joseph W. Stier.

The witness, S. C. Bedinger, a teacher of penmanship for over ten years, said that he had studied several authorities on handwriting and that in comparing the handwriting of decedent on the exhibits, showing the unquestioned signature, with the signature to the purported will it was his best judgment the latter was not written by the same person who wrote the former.

Taking all the evidence as to the genuineness of the signature of Joseph W. Stier, it was conflicting, and the trial court having heard it and having seen the witnesses on the stand, and having found the issues on this point in favor of the defendant, proponent of the will, this court will not disturb the judgment on this ground. Bruce v. McIntosh et al., 57 Okla. 774, 159 Pac. 261; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 Pac. 866; Union Savings Association v. Cummins et al., 78 Okla. 265, 190 Pac. 869; In re Son-se-gra's Will, 78 Okla. 213, 189 Pac. 865; In re McHum-Kah's Estate, 78 Okla. 214, 189 Pac. 867; In re Jepson's Estate (Cal.) 172 Pac. 1107; In re Johnston's Estate (Wis.) 175 N W. 917.

3. The plaintiff further complains that the defendant was permitted over objection to introduce certain testimony by way of rebuttal that was only admissable in chief. There is no merit in this contention, since the proponent was defendant in the contest. Section 6210, Revised Laws 1910; In re Son-se-gra's Will, 78 Okla. 213, 189 Pac. 865; Dickey v. Dickey, 66 Okla. 269, 168 Pac. 1018.

4. But even if the evidence was not admissible on this ground, it was within the sound and reasonable discretion of the trial court to allow the testimony to be introduced out of its regular order in the interest of justice, and without any showing that the court abused this discretion there is no ground for complaint or reversal of the cause for new trial.

The burden was upon plaintiff to show that the error complained of resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right and this does not appear. Stetler v. Boling et al., 52 Okla. 214, 152 Pac. 452; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 Pac. 666.

5. The plaintiff contends that Mattie V. Carder was an incompetent witness under section 588, Comp. Stat. 1921; that she should not have been permitted to testify over the objections of the plaintiff, that the will was delivered to her by her husband the day it was made, that she knew his handwriting, and should not have been permitted to identify certain papers containing his signature for the purpose of comparing the same with his signature to the will, and we think this contention well taken, but since the cause was tried to the court and the other testimony on the part of the proponent is sufficient to prove the fact of the will and the contestant failed to make out her case against the will, we cannot see where the plaintiff was injured. The error was harmless and would not be sufficient to reverse the cause for new trial. Section 6005, Revised Laws 1910.

The plaintiff (contestant), having the burden of proof that the will was a forgery, failed to make out a case. There are no suspicious circumstances attending the execution of the will in 1906. The decedent and the proponent at that time were living together as husband and wife and continued to live so for a long time thereafter. The will was drawn in the usual form by notary public. It was made in the interest of the wife and it would be natural for him to deliver the will to her. It appears he desired her to have whatever property he possessed. Years after they drift apart and he comes to Oklahoma. She obtains a divorce from him and he dies a violent death and the woman, who was his wife, remembers the will, and is advised that it may be valid if there is no other of a later date. The contestant is the mother of the decedent and her only objection is that the will is a forgery: that the name of her son, signed to the instrument, is not spelled properly. She does not introduce testimony of the members of her family and the neighborhood, who know the family, and the neighbors who knew him for years in Harrison county, W. Va., to testify that it is not his handwriting. The testimony she introduces, at most, only raises a doubt as to the genuineness of the signature of the testator.

The half-brother in testifying would not say it was not his writing but only that it was not his name, it being spelled Stier instead of Stires, and the other witnesses gave it as their opinion that it was not his signature. There was no testimony invalidating the signatures of the subscribing witnesses and it is a reasonable conclusion that if the subscribing witnesses' signatures were genuine so was the signature of the deceased.

they stand or fall together. It would not be right for this will to be defeated without proof preponderant invalidating it.

We have taken the pains to examine the whole record and study the briefs of the attorneys, and we think the testimony is amply sufficient to sustain the judgment of the court, which is, therefore, affirmed.

By the Court: It is so ordered.