## In re ELROD'S ESTATE.
## WHITE et al. v. ELROD.

No. 19912.  Opinion Filed Oct. 13, 1931.

Rehearing Denied Jan. 12, 1932.

H. P. White, for contestants and plaintiffs in error.

Clayton Carder and Sandlin & Winans, for defendant in error.

CULLISON, J. The parties will be referred to as they appeared in the lower court, P. M. Elrod being proponent of the will and defendant below, and Idona White. Dessie Lopp, and Denie Shanks being contestants of the will and plaintiffs below.

Albert W. Elrod was resident of Kiowa county, Okla., and executed the will in question on or about December 22, 1927. After the death of the testator the will was offered for probate in the county court of Kiowa county, Okla., and plaintiffs contested the probation of said will by filing written objections thereto, to which objections defendant filed her answer. Said cause was heard in the county court and said will was admitted to probate as the last will and testament of Albert W. Elrod, deceased. Plaintiffs appealed from the order of the county court, admitting said will to probate, to the district court. The case was tried in the district court and at the conclusion of said trial, the district judge made an order admitting said will to probate as the last will and testament of Albert W. Elrod, deceased; from which order of the district court plaintiffs appeal. Plaintiffs in error allege:

"(1)  Said court erred in overruling the demurrer of the plaintiffs in error, contestants, and plaintiffs therein, to the evidence of the proponent and defendant therein, P. M. Elrod.

"(2)  Said court erred in admitting said will in contest to probate for want of evidence, sustaining the burden of proof imposed by law on the proponent of the will; the defendant in error, P. M. Elrod.

"(3)  The court erred in not sustaining the demurrer of the contestants, plaintiffs in error, to the evidence of the proponent, P. M. Elrod, defendant in error, and in not denying said will admission to probate.

"(4)  Said court erred in overruling the motion of the plaintiffs in error for a new trial."

The assignments of error as specified go to the question of the evidence introduced at the hearing and whether or not said evidence was sufficient to establish the necessary proof for the admission of the will to probate.  At the hearing in the district court defendant introduced as witnesses Charles W. Lenau, W. H. Carlton, and G. F. Gage.  Lenau was the scrivener who drew the will in question, and testified as to the drawing of the will and being present at the time the two subscribing witnesses and the testator signed the will.  Carlton and Gage, the two subscribing witnesses, were present and testified, and the testimony as adduced by defendant established that the will was signed by the testator in the presence of the two subscribing witnesses and published by the testator as his last will and testament, and that thereupon the testator requested the subscribing witnesses to

sign said instrument, and they did thereupon sign the same. Testimony as to the execution of the will is sufficient to meet the requirements of section 11231, C. O. S. 1921, relating to the formal requisites of a will. There is no testimony in the record as to the mental condition of the testator at the time of the execution of the will. The plaintiffs offered no testimony in support of their pleadings filed in said cause. At the conclusion of defendant's evidence, plaintiffs demurred to the same, which demurrer was overruled and exceptions saved. Plaintiffs then moved the court for an order denying the probation of the will for the reason that the evidence offered by the proponent of the will failed to show that the will was entitled to probation, and insufficient to sustain the burden of proof imposed by the law upon proponent, which motion was by the court overruled and exceptions saved.

Section 11221, C. O. S. 1921, provides:

"Every person over the age of 18 years, of sound mind, may, by last will, dispose of all his estate, real and personal, and such estate not disposed of by will is succeeded to as provided in this chapter, being chargeable in both cases with the payment of all the decedent's debts, as provided in civil procedure."

Section 11231, C. O. S. 1921, provides:

"Formal Requisites: Every will, other than a nuncupative will, must be in writing; and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

"First. It must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto.

"Second. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them, to have been made by him or by his authority.

"Third. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and,

"Fourth. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence."

Section 1106, C. O. S. 1921, provides:

"Proceedings on Contest: If any one appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county interested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer allowed by law in civil actions. If the demurrer be sustained, the court must allow the contestant a reasonable time, not exceeding ten days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving:

"First. The competency of the decedent to make a last will and testament;

"Second. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence;

"Third. The due execution and attestation of the will by the decedent or subscribing witnesses; or,

"Fourth. Any other questions substantially affecting the validity of the will must be tried and determined by the court.

"On the trial the contestant is plaintiff, and the petitioner is defendant."

The sections of the statute as enumerated above deal with the question of who may make a will, formal requisites of a will, and the procedure on contest of a will. These sections have been construed by this court on numerous occasions. In the case of In re Son-Se-Gra's Will, 78 Okla. 213, 189 P. 865, Judge Owen lays down the rule in regard to the burden of proof in the contest of a will, as follows:

"The burden of proof in the trial of a contest of the probate of a will is first upon the proponents of the will to make a prima facie showing entitling the will to probate. The burden then shifts to the contestants to establish the issues presented by their contest. Section 6210, R. L. 1910; Cartwright v. Holcomb, 21 Okla. 548, 97 P. 385; In re Blackfeather's Estate, supra (54 Okla. 1, 153 P. 839); In re MacCrellish's Estate, 167 Cal. 711, 141 P. 257, L. R. A. 1915A, 443; Estate of Latour, 140 Cal. 414, 73 P. 1070, 74 P. 441; Jones on Evidence, section 189; In re Van Alstine Estate, 26 Utah, 193, 72 P. 942."

In the case of In re Anderson's Estate, 142 Okla. 197, 286 P. 17, this court said:

"And, applying the foregoing general rule to the question where the burden of proof rested on the particular issue as to whether the testator had sufficient mental capacity to make the will, we find that this court, in the case of In re Blackfeather's Estate, 54 Okla. 1, 153 P. 839, 842, has said: 'A presumption of sanity goes with everyone, and the burden of proving unsoundness of mind in a will contest rests on the contestant.'

"This holding was approved in the case

of McClure, Ex., v. Kerchner, 107 Okla. 28, 229 P. 589, and in the case of In re Estate of Wah-kon-tah-he-um-pah, 108 Okla. 1, 232 P. 46, 48, where it was also said: 'The time of the making and execution of the will is the point of time from which the mental capacity of testator must be determined. See 40 Cyc. 998, and authorities cited'."

In re Wah-kon-tah-he-um-pah's Estate, 109 Okla. 126, 234 P. 210, this court said:

"In examining the first question, we find that a legal presumption exists that the testatrix was of sound mind and disposing memory; and that such presumption, coupled with an apparently rational act done in an apparently rational manner in making the will, amounts to some evidence that testamentary capacity existed at the time the will was made. George Weir's Will, 9 Dana (Ky.) 434; In re Blackfeather's Estate, 54 Okla. 1, 153 P. 839.

"In the Blackfeather Case, supra, this court held that 'A presumption of sanity goes with everyone, and the burden of proving unsoundness of mind in a will contest rests upon the contestant.

In the case at bar the question in controversy is whether or not defendant introduced sufficient evidence as to the capacity of the decedent to make a will to establish a prima facie case, to entitle the will to be probated as the last will and testament of Albert W. Elrod, deceased. The authorities just cited hold that a presumption of sanity goes with every one and the burden of proving unsoundness of mind in a will contest rests upon the contestant.

This statement of law was first announced by our court in the case of In re Blackfeather's Estate, 54 Okla. 1, 153 P. 839, and has been affirmed in numerous decisions since that time. Under the presumption of sanity as announced by this court it was not incumbent upon the defendant to show that the testator was of sound mind at the time of executing the will in question, and said presumption was sufficient to meet the requirements of the statutes in establishing a prima facie case necessary to be established by the defendant. In the contest of a will it is incumbent upon defendant to establish a prima facie case, but it is the duty of the plaintiff, contestant of the will, to establish by competent evidence the grounds or some of the grounds alleged in his objections to the probate of the will. Our statutes provide that the contestant shall be the plaintiff, thereby throwing the burden of proof upon the contestant or plaintiff, to establish his pleadings or charge by a preponderance of the evidence, and the burden of proof shifts on to him, as held by the court, when defendant establishes a prima facie case. This the plaintiffs failed to do. They introduced no testimony whatsoever, but relied upon the contention that the defendant failed to introduce sufficient evidence to establish a prima facie case. We hold from the evidence and authorities cited that the defendant introduced sufficient evidence to establish the prima facie case incumbent upon defendant to establish, and since plaintiffs did not assume the burden of proof placed upon them by statute, they failed to meet the requirements.

Having very carefully reviewed the entire record in the instant case and being advised as to the law of the case, we are of the opinion the proponent of said will, defendant herein, did introduce ample and sufficient evidence to warrant the court admitting said will to probate; that the burden of disproving want of capacity on the part of the decedent to make the will described herein or to establish any irregularities, if any there were, was upon the contestants, plaintiffs herein; that plaintiffs offered no evidence in support of the mere objections interposed by them; the applicable law controlling in said case having been many times interpreted and uniformly upheld by this court.

Finding no error on the part of the trial court, the judgment of the court admitting said will to probate is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.