## WOOD v. WOOD.

No. 22247.   May 8, 1934.

Lydick & Brett, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

PER CURIAM.   Cimon Wood, of Pottawatomie county, died March 30, 1929, leaving as his heirs at law three brothers, Evans Wood, William P. Wood, and Henry P. Wood, a sister, Leonela Rainwater, and children of a predeceased brother. On January 30, 1929, Cimon executed an instrument in the form of a will, which was offered for probate. The brothers and sister filed written objections contesting the probate of the will. Before trial in the probate court W. P. Wood dismissed his contest. The county court rendered judgment against the remaining contestants, who appealed to the district court. Before trial in the district court H. P. Wood and Leonela Rainwater died, and the action abated as to them for failure to revive, leaving Evans Wood the sole contestant. The district court rendered judgment for the proponent, and Evans appeals.

The chief error complained of here is that the district court erred in excluding certain evidence which appellant complains was competent to prove testator was prompted by an insane delusion, and to prove that the testator was of unsound mind and memory, and did not have testamentary capacity. The contestant also urges the lack of testamentary capacity.

By his will the testator excluded his brothers and sister, except Evans, and divided his estate, valued at approximately $16,000, equally between Evans, his two sons, Leonela's daughter, and twelve children of the predeceased brother.

The contestant offered in evidence a letter consisting of 13 pages written on January 27, 1929, by Inez Wood, a daughter of the predeceased brother, who lived with testator several months immediately preceding his death, in which it was stated that H. P. and W. P. and his family had badly mistreated testator and a predeceased spinster sister. It would serve no good purpose to set out the letter in full. It bristles with ill feeling. She had testator to put his approval on the greater portion of the letter by subscribing his name to it, after which she wrote two postscripts signed by herself, in which she continued to use strong, denunciatory language concerning the same parties. The contestant sought to introduce this letter, and then offer evidence of the falsity of the matters contained in it and prove there was no cause for any ill feeling between testator and his brothers and sister, and that the testator was acting under an insane delusion when he made the will. This the court excluded.

A will may be voidable because the testator in making it acted under an insane delusion with respect to the natural objects of his bounty, provided the evidence meets the requirements of the law on the subject and the complaining party shows himself to have been the subject of the delusion and to have been materially injured thereby.

The letter indicates no ill feeling against Evans, who alone is complaining here, and accuses him of no misconduct towards testator, and the provisions of the will do not indicate any bad feeling on the part of the testator towards him. Had Cimon died intestate, Evans would have received one-fifth of the estate, while under the will he receives only one-sixteenth. Yet his two sons are given a one-sixteenth each. It will be seen that he and his sons get three-six-teenths, while if the will were set aside he alone would get three-fifteenths and his sons would get nothing. The testator explained the bequest to Evans and his sons as follows:

"I make the bequest to Evans Wood and his sons because I am now about the age of 73 years and the sons of Evans Wood are educating themselves for their life work and the bequest will probably be available in time to be of advantage in the beginning of their professional life."

There is nothing about this to indicate an insane delusion as to Evans, or that the testator entertained any ill feeling towards him, and he could not complain even though he might show an insane delusion as to others. Stackhouse v. Horton, 15 N. J. Eq. 220, 225. One may have an insane delusion and yet have testamentary capacity. Page on Wills (2d Ed.) section 166.

From an examination of the whole record, we cannot say that the trial court erred in the conclusion that the testator at the time of the execution of the will had testamentary capacity. There is ample evidence to sustain the conclusion reached by the trial court. We observe the argument of the contestant as to force and value of the testimony offered to show that the testator did not have mental capacity to understand the nature of his acts, or those of his relatives who had natural claims upon his bounty. Those were questions for determination by the trial court upon the evidence. This court has adhered to the following rule:

"A presumption of sanity goes with every one, and the burden of proving unsoundness of mind in a will contest rests upon the contestant.

"A will contest is a case of purely equitable cognizance, and on appeal this court will examine the whole record, and weigh the evidence; but the findings and judgment of the district court will not be disturbed unless such findings and judgment are clearly against the weight of the testimony." In re Anderson's Estate, Morrison v. Linn, 142 Okla. 197, 286 P. 17.

Finding no reversible error in the judgment of the district court, it is affirmed.

The Supreme Court acknowledges the aid of District Judge E. L. Richardson, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.